```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                   WESTERN DIVISION
```
_____

**THE CHARTER OAK FIRE INS. CO. a/s/o** )
**WEST TENNESSEE COMMUNICATIONS,**      )
                                        )
    **Plaintiff,**                      )
                                        )
**v.**                                  )
                                        )    **No. 05-2428 Ma/P**
**BROAN NUTONE, LLC,**                  )
                                        )
    **Defendant.**                      )
                                        )
_____

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT UNDER
               TENNESSEE'S STATUTE OF REPOSE**
_____

Plaintiff The Charter Oak Fire Insurance Co. ("Charter Oak") brings this action against Defendant Broan Nutone, LLC ("Broan") under the court's diversity jurisdiction, alleging claims for damages under the Tennessee Product Liability Act ("TPLA"), Tenn. Code Ann. § 29-28-101 et seq. Before the court is Broan's motion for summary judgment on Charter Oak's complaint under the Tennessee statute of repose, filed on December 15, 2006. Charter Oak responded on January 10, 2006. On March 24, 2006, Broan filed a reply, and Charter Oak filed a sur-reply on April 5, 2006. For the following reasons, Defendant's motion is DENIED.

**I. Background**

On March 28, 2003, a fire occurred at a building located at

1

1295 Highway 51 Bypass, Dyersburg, Tennessee ("the Building"), owned by West Tennessee Communications ("West Tennessee"). (Def.'s Mem. 3 ¶¶ 1, 3.) The fire allegedly was caused by a defect in a bathroom exhaust fan purchased around 1988 and manufactured by Broan. (Id. at 3, 5 ¶ 2, 14.)

The Building was insured by Charter Oak, which paid West Tennessee for damage to the Building and to some personal property located in the Building at the time of the fire. (Id. at 3-4 ¶¶ 4-5.) West Tennessee also sustained losses for certain personal property that was damaged by the fire, but was not covered under its insurance policy. (Id. at 4 ¶ 6.)

Charter Oak filed a subrogation lawsuit against Broan in the District Court of Connecticut on January 25, 2005. On May 12, 2005, Broan moved to transfer venue for considerations of convenience to this court with the consent of Charter Oak. The motion was granted on May 26, 2005, and the case was transferred on June 9, 2005.  On September 23, 2005, Charter Oak filed a second amended complaint, which added a claim for uninsured losses incurred by West Tennessee as a result of the fire. (2d Am. Comp. ¶ 41.) Charter Oak alleged that West Tennessee had assigned its claim for uninsured losses to Charter Oak. (Id.)

**II. Jurisdiction**

Charter Oak is a Connecticut corporation with its principal place of business in Hartford, Connecticut. Broan is a Delaware

corporation with its principal place of business in Hartford, Wisconsin. Because the amount in controversy exceeds $75,000, the court has diversity jurisdiction under 28 U.S.C. § 1332.

**III. Standard for Summary Judgment**

The party moving for summary judgment "bears the burden of clearly and convincingly establishing the nonexistence of any genuine issue of material fact, and the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986). The moving party can meet this burden by pointing out to the court that the respondents, having had sufficient opportunity for discovery, have no evidence to support an essential element of their case. See Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989).

When confronted with a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. A genuine issue for trial exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party opposing the motion must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

The nonmoving party may not oppose a properly supported summary judgment motion by mere reliance on the pleadings. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, the nonmoving party must present "concrete evidence supporting its claims." Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989). The district court does not have the duty to search the record for such evidence. See InterRoyal Corp. v. Sponseller, 889 F.2d 108, 110-11 (6th Cir. 1989). Nonmovants have the duty to point out specific evidence in the record that would be sufficient to justify a jury decision in their favor. See id.

**IV. Analysis**

Broan asserts that the court should grant summary judgment in its favor and dismiss Charter Oak's complaint in its entirety because Charter Oak's claims are barred by the TPLA's statute of repose, which states that an "action must be brought within ten (10) years from the date on which the product was first purchased for use or consumption." Tenn. Code Ann. § 29-28-103(a). To determine whether the Tennessee statute of repose applies to this case, the court must first determine what state's laws apply.

As a diversity action, the substantive law governing this case is state rather than federal law. Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). A federal district court is required to apply the "choice of law" rules of the state in which it sits. Klaxon

4

Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941); Cole v. Mileti, 133 F.3d 433, 437 (6th Cir. 1998). "Otherwise the accident of diversity of citizenship would constantly disturb equal administration of justice in coordinate state and federal courts sitting side by side." Klaxon, 313 U.S. at 496. When there is a change of venue under 28 U.S.C. § 1404(a) for considerations of convenience rather than because a plaintiff selected an improper forum, it is treated as "a change of courtrooms," and the transferee court is required to apply the law that would have applied if the case were tried in the original forum. Van Dusen v. Barrack, 376 U.S. 612, 636-37 (1964).

   Charter Oak asserts, therefore, that the Connecticut choice-of-law rules apply to this case. In tort cases, Connecticut courts apply the substantive "law of the state in which the plaintiff was injured, unless to do so would produce an arbitrary or irrational result." Macomber v. Travelers Prop. & Cas. Corp., 894 A.2d 240, 256-57 (Conn. 2006). Therefore, the District Court of Connecticut would apply Tennessee substantive law in this action. Under Connecticut law, however, "statutes of repose...are neither substantive nor procedural per se for choice of law purposes." Baxter v. Sturm, Ruger & Co., 644 A.2d 1297, 1302 (Conn. 1994). For a statute of repose to be treated as substantive law, the underlying cause of action must not have been available at common law. Id. at 1299. If the cause of action was available at common law, the Connecticut statute of repose governs the action. Id.

Before the TPLA was enacted, the state of Tennessee recognized claims for product liability under the common law. <u>First Nat'l Bank of Louisville v. Brooks Farms</u>, 821 S.W. 2d 925, 929 (Tenn. 1991); <u>Ford Motor Co. v. Lonon</u>, 398 S.W. 2d 240 (Tenn. 1966). Therefore, under Connecticut law, the statute of repose in a Tennessee products liability action is procedural, and the Connecticut statute of repose would apply.

In product liability actions, Connecticut law imposes a ten-year statute of repose. Conn. Gen. Stat. Ann. § 52-577a(a). The ten-year limitation does not, however, apply to claimants who are not entitled to compensation under the state's workers compensation laws, "provided the claimant can prove that the harm occurred during the useful safe life of the product." Conn. Gen. Stat. Ann. § 52-577a(c). Neither Charter Oak nor West Tennessee could recover under the Connecticut workers' compensation laws. Therefore, the court concludes that the Connecticut statute of repose does not bar this action, and the parties seem to agree.

Broan argues, however, that the Connecticut choice-of-law rules do not apply to the claims West Tennessee assigned to Charter Oak and Charter Oak added to the complaint after this action had been transferred from Connecticut. Broan asserts that those claims should be treated as a separate case filed in Tennessee that has been consolidated with a case filed in Connecticut and, therefore, that Tennessee choice-of-law rules should apply to them. <u>See</u> <u>In re Bendectin Litigation</u>, 857 F.2d

6

290, 306, 320 (6th Cir. 1988) (where numerous cases were consolidated, choice of law for each case was governed by state where it was originally filed). Amending a complaint, however, and filing a separate complaint are not equivalent. Amendments and counterclaims filed after a case is transferred under 28 U.S.C. § 1404(a) are governed by the choice of law rules that the transferor court would apply. See Brown v. Hearst Corp., 54 F.3d 21, 24 (1st Cir. 1995) (transferor's choice of law rules applied to claims added after transfer); De Puy Inc. v. Biomedical Eng'g Trust, 216 F. Supp. 2d 358, 382 (D.N.J. 2001) (transferor's choice of law rules applied to counterclaim filed after transfer).

Broan asserts that the Connecticut choice-of-law rules cannot apply to the claims that West Tennessee assigned to Charter Oak because West Tennessee could not have filed a claim against Broan in Connecticut and an assignee takes a claim subject to the defenses that could be brought against the assignor. According to Broan, a Connecticut court would not have had personal jurisdiction over it in a case brought by West Tennessee. Broan acknowledges that a Connecticut court has previously found that it had personal jurisdiction over Broan, but appears to argue that, although a Connecticut court would have had personal jurisdiction in a case filed by Charter Oak, it would not have had personal jurisdiction in a case filed by West Tennessee. (Pl.'s Reply 7.)

The identity of the plaintiff does not affect whether a

7

court has personal jurisdiction over a defendant. Although the facts of a particular case, specifically whether a defendant's actions in the state "g[a]ve rise to the liabilities sued on," might mean that a defendant had sufficient minimum contacts with the state to give a court personal jurisdiction in one case but not in another, Int'l Shoe Co. v. State of Wash., Office of Unmployment Comp. & Placement, 326 U.S. 310, 317 (1945), that Charter Oak is a citizen of Connecticut and West Tennessee is not does not affect whether a Connecticut court would have personal jurisdiction over Broan.

This is not a case involving a separate action filed by West Tennessee in Tennessee or Connecticut. Rather, this case is best viewed as an attempt to amend a complaint to add an additional plaintiff whose claims arise out of the same events as the claims of the original plaintiff.[1] The addition of a second plaintiff would not affect whether a Connecticut court would have personal jurisdiction over Broan.

Because the Connecticut choice-of-law rules and the Connecticut statute of repose apply to all of the claims in this case, Broan's motion for summary judgment based on Tennessee's statute of repose is denied.

---

[1] Although Broan asserts that West Tennessee could not be added as a plaintiff because its claims do not meet the requirements of Fed. R. Civ. P. 15(c)(3) for relation back, 15(c)(3) is not dispositive because Connecticut law provides a three-year statute of limitations for product liability actions, Conn. Gen. Stat. Ann. § 52-577a(a), and the second amended complaint was filed within that period. Therefore, even if it did not relate back, West Tennessee's claims would not be time-barred under the governing statutes of limitations and repose.

**V. Conclusion**

Defendant Broan Nutone, LLC's motion for summary judgment based on the Tennessee statute of repose is DENIED.

So ordered this 29th day of August 2006.

s/Samuel H. Mays, Jr.

SAMUEL H. MAYS, JR.

UNITED STATES DISTRICT JUDGE